

# NUMBERS 13-10-00107-CR AND 13-10-00108-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TODD ALLEN JANES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Todd Allen Janes appeals from his convictions in trial court cause 09-CR-3107-G for the offense of felony theft (appellate cause number 13-10-107-CR), *see* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2010), and trial court cause number 09-CR-3627-G for unauthorized use of a motor vehicle (appellate cause number 13-10-108-CR). *See id.* § 31.07 (Vernon 2003). Appellant entered an open plea of "no

contest" to felony theft and an open plea of "guilty" to the offense of unauthorized use of a motor vehicle. The State gave notice of prior felony convictions, which enhanced the authorized punishment in each case to a second-degree felony. *See id.* § 12.42 (Vernon Supp. 2010) (setting out penalties for repeat and habitual felony offenders). Janes pleaded "true" to the prior convictions. Based on Janes's open pleas and the evidence presented, the trial court found him guilty of both offenses. The court also found the prior convictions to be true.

Appellant testified at the punishment hearing describing a life-long problem with drug addiction and requesting that the trial court give him an opportunity for rehabilitation with drug treatment.[1] The trial court, however, followed the State's recommendation and assessed punishment at twenty years' incarceration in each case with the sentences to run concurrently. No fines were imposed.

Concluding that there are "no arguable grounds for reversal," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeals. We affirm the judgments of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed one brief in these causes, stating that he could "find no meritorious issues to bring forward for review." Counsel's brief discusses relevant portions of the records. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically

---

[1] Appellant's counsel also asked the trial court to consider Cenikor, a rehabilitation program described in defense exhibit 1 as a "long-term, therapeutic community recovery program for men and women" that "helps to rebuild lives by treating addictive behavior."

advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there is no error in the trial court's judgment in each case. Counsel certified to this Court that he forwarded a copy of his motion to withdraw and its supporting brief to appellant with a letter advising him of his right to review each record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

## II. PRO SE RESPONSE

On November 17, 2010, appellant filed one pro se response asserting ineffective assistance of trial counsel in both causes. Appellant bases his complaint on the following: (1) counsel's alleged failure to perform a thorough pre-sentence investigation that would have, as asserted by appellant, established that the truck in which appellant was found was valued at less than $20,000; (2) counsel's alleged failure to object to the indictments and to file motions to quash the indictments on the basis that the charges "did not fit the crime[s]" because appellant "was merely looking for a place to sleep as he was homeless at the time of the arrest"; (3) counsel's alleged comment to appellant "that if he

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

3

plead[ed] guilty[,] … [counsel] could get him into the Cenikor program," which appellant argues forced him to plead guilty; and (4) counsel's alleged failure to object to the State's comment to appellant that he should not enter a plea of "not guilty."[3]

### III.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the cases are wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record in each case, counsel's brief, and appellant's pro se response, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

### IV.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must

---

[3] Although appellant's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy.  Challenges requiring development of a record to substantiate a claim such as ineffective assistance of counsel may be raised in an application for writ of habeas corpus.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *see also Cooper v. State*, 45 S.W.3d 77, 82-83 (Tex. Crim. App. 2001) (suggesting that "the legislature may have regarded challenges to voluntariness as better raised in habeas corpus than on appeal because the appellate record will often contain insufficient grounds for a fair resolution of the claim.  The legislature may well have decided to render the issue unappealable but only as a means of encouraging its litigation in habeas corpus, where a new and more complete record can be developed").  An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).

withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw filed in appellate cause numbers 13-10-107-CR and 13-10-108-CR, and carried with the case on July 8, 2010. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and the judgments to appellant and to advise appellant of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 9th
day of December, 2010.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.